IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES T. SULLIVAN, Trustee of PLUMBERS' PENSION FUND, LOCAL 130, U.A., PLUMBERS' WELFARE FUND LOCAL 130, U.A., THE TRUST FUND FOR APPRENTICE AND JOURNEYMAN EDUCATION AND TRAINING, LOCAL 130, U.A., and CHICAGO JOURNEYMAN PLUMBERS' LOCAL UNION 130, U.A., GROUP LEGAL SERVICES PLAN FUND and the JOINT ARBITRATION BOARD OF THE PLUMBING CONTRACTORS' ASSOCIATION and CHICAGO JOURNEYMEN PLUMBERS' LOCAL UNION 130, U.A., | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 04 C 5167 |
| v. | ) ) | Judge Robert W. Gettleman |
| HENRY SMID PLUMBING & HEATING CO, INC., an Illinois corporation, | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) ) | |
| HENRY SMID PLUMBING & HEATING CO, INC., an Illinois corporation, | ) ) ) | |
| Plaintiff-Counterdefendant, | ) ) | |
| v. | ) ) | No. 05 C 2253 |
| JAMES T. SULLIVAN, Trustee of PLUMBERS' PENSION FUND, LOCAL 130, U.A., PLUMBERS' WELFARE FUND LOCAL 130, U.A., THE TRUST FUND FOR APPRENTICE AND JOURNEYMAN EDUCATION AND TRAINING, LOCAL 130, U.A., and CHICAGO JOURNEYMAN PLUMBERS' LOCAL UNION 130, U.A., GROUP LEGAL SERVICES PLAN FUND and the JOINT ARBITRATION BOARD OF THE PLUMBING CONTRACTORS' ASSOCIATION and CHICAGO JOURNEYMEN PLUMBERS' LOCAL UNION 130, U.A., | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants-Counterplaintiffs. | ) | |

**MEMORANDUM OPINION AND ORDER**

In case No. 04 C 5167, plaintiff James T. Sullivan as Trustee of Plumbers' Pension Fund Local Union 130, U.A., Plumbers' Welfare Fund Local Union 130, U.A., the Trust Fund for Apprentice and Journeyman Education and Training, Local Union 130, U.A. and Chicago Journeyman Plumbers' Local Union 130, U.A. Group Legal Services Plan Fund (the "Funds") has sued Henry Smid Plumbing and Heating Co., Inc. ("Smid") under 29 U.S.C. §§ 1132, 1145 ("ERISA") and the Labor Management Relation Act of 1942, 29 U.S.C. § 185 ("LMRA"), alleging that Smid failed to make contributions to the Funds as required by a Collective Bargaining Agreement ("CBA") for the period July 1, 2003 to the present. The complaint seeks to compel Smid to submit to an audit of its books and records. In a related action, 05 C 2253, Smid sued the Funds seeking to vacate an arbitration award. The Funds counterclaimed to enforce the award. The Funds have moved for summary judgment in both cases. For the reasons set forth below, both motions are granted.

## BACKGROUND

Since 1992 a CBA has been in effect between Smid and the Chicago Journeyman Plumber Local Union 130, U.A. (the "Union") that requires Smid to submit monthly reports of contributions due to the Funds and to submit to an audit of its records to determine its compliance with the CBA. Pursuant to the CBA, Smid submitted to an audit to determine its compliance for the period January 1, 2000, though June 30, 2003. The audit disclosed a delinquency in excess of $133,000. Smid contested that amount. In accordance with the CBA, the parties submitted the dispute to a Joint Arbitration Board ("JAB").

At the arbitration hearing, Smid's president, attorney, and accountant (also an attorney) appeared and contested the auditor's report. The JAB agreed with the Funds and issued a Decision and Award on December 15, 2004 (the "Award"), finding that Smid owed nothing for

2

pension and benefit contributions, but directing Smid to pay $133,057.05 in fines for violations of the CBA for using non-union workers, along with interest at the rate of $1,316.76 per month after January 15, 2005, until the award is paid, and costs, fees and expenses incurred in enforcing the Award. Instead of paying, Smid requested the JAB to vacate and reconsider certain claims Smid had made at the hearing as well as some new claims raised for the first time in the motion for reconsideration. The JAB denied Smid's request to vacate, so on March 11, 2005, Smid filed a petition in the Circuit Court of Cook County, Illinois, to vacate the arbitration award, naming Sullivan and the JAB as defendants. That petition was removed to this court as case No. 05 C 2253.[1]

Not only did Smid not pay the Award, however, but it also failed to make any reports to the Funds since February 2004. As a result, the Funds brought case No. 04 C 5167 seeking an audit of Smid's books and records for the period July 1, 2003, to the present, to determine Smid's compliance with the CBA.

## DISCUSSION

Summary judgment is appropriate when the record shows there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). A genuine issue of material fact exists were there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. Id. at 248.

---

[1] The Funds argue in a footnote that the petition is "likely" untimely because it was filed in state court on March 11, 2005, naming the wrong defendants. According to the Funds, the 90 day statute of limitations under the LMRA to challenge an arbitration award expired on March 18, 2005, well before the case was removed. Smid never addressed this argument and the Funds did not raise it again in their reply brief. Without the benefit of briefing, even if the Funds are correct, it is unclear whether the filing in state court could toll the running of the limitations period. Because the court has denied the petition on its merits, it need not reach the issue.

The party opposing summary judgment must set forth specific facts showing that there is a genuine issue for trial. Id.[2]

In the instant case, the undisputed facts show that Smid entered a Memorandum Agreement with the Union on December 5, 1992, pursuant to which Smid entered into the CBA. That CBA (or a successor agreement) has been and remains in effect through May 31, 2007. Under that agreement, an employer is required to make certain contributions to the Funds for each hour worked by and on behalf of each employee covered by the agreement. In addition, employers are required to submit to audits of their books and records. Smid last submitted a report of deductions in February 2004, and the most recent audit was conducted for the period January 1, 2000, through June 30, 2003. Therefore, absent a termination of the CBA, the Funds are entitled to an audit of Smid's books and records.

Smid argues that it is no longer covered by the CBA because it has not had more than one employee since March 2000, and has no intent to employ at least two journeyman or one journeyman and one apprentice as specified in Section 1.1 of the CBA. Nothing in the CBA provides, however, that a failure by an employer to employ the required number of journeyman automatically terminates the agreement. Indeed, just the opposite is true. A failure to employ two employees is a violation of the CBA (Section 4.8) requiring, among other things, the

---

[2] In support of their motion for summary judgment, the Funds have properly filed L.R. 56.1 statements of material facts not in dispute. As the Funds point out, Smid's responses to those statements are mostly argumentative and evasive and fail to comply with the court's Local Rules. The court need not rule on the merits of the Funds' motions to strike those responses, however, because the responses, as evasive and improper as they are, fail to raise any genuine issue of material fact. Accordingly, the Funds' motions to strike (docket no. 33 in case 04 C 5167 and no. 28 in case 05 C 2253) are denied as moot.

employer to, (a) send a written report to the Union of all jobs on which the company is working, and (b) submit to an audit every six months and at year end.

Smid did send a letter to Sullivan on June 30, 2004, indicating an intent to terminate Smid's participation in the CBA, but never followed up on that intent. It is undisputed that the June 30, 2004, letter did not comply with the notice requirements for termination of the CBA provided in the Memorandum Agreement, and Smid has abandoned any argument that its participation in the CBA was terminated based on that letter. Accordingly, because Smid's participation in the CBA remains in effect, the Funds are entitled to an audit and summary judgment is granted in favor of the Funds in case No. 04 C 5167.

Smid fairs no better with its petition to vacate the arbitration award. In its petition, Smid admits that there was a valid CBA in effect, that it submitted to an audit pursuant to that agreement, and that the dispute as to the results of the audit was properly submitted to the JAB pursuant to the terms of the CBA. Smid argues that the award should be vacated because: (1) the arbitrator's decision calls for an illegal payment from an employer to a union in violation of 29 U.S.C. § 186(a); (2) it was not covered by the CBA because it had fewer than two employees, rendering the audit invalid; (3) the arbitration proceeding was tainted, flawed and fundamentally unfair; and (4) ERISA does not apply to the Funds' efforts to collect a fine. None of these arguments has any merit.

Smid's first argument is that the arbitration award requires an illegal payment from an employer to a union in violation of 29 U.S.C. § 186(a), which generally prohibits employers from lending or paying money to a union. This argument contains two fallacies. First, of course, is that the Funds are legally separate entities from the unions. See Laborers's Pension Fund v. Concrete, 999 F.2d 1209 (7th Cir. 1993). Second, § 186(c)(5) provides a specific exception for

5

monies paid to a multi-employer benefit fund. Smid's argument that § 186(c)(5) does not apply because there are "no written guidelines" for the conduct of the audit is without merit. The section requires only that the detailed basis on which payments are to be made be specified in writing. 29 U.S.C. § 186(c)(5)(B). Section 9.1-9.9 of the CBA provides the necessary guidelines for contributions to the Funds.

Moreover, § 186(c)(2) provides that the general restrictions of § 186 shall not apply "with respect to the payment or delivery of any money or other thing of value in satisfaction of a judgment of any court or a decision or award of an arbitrator . . .." Therefore, the arbitrator's decision does not call for an illegal payment from an employer to a union.

As noted above, Smid's second argument, that the CBA was not in effect because it had fewer than two employees, is without merit and cannot support a claim that the audit conducted was improper.

Smid's third argument, that the arbitration proceeding was tainted, flawed and fundamentally unfair, boils down to two complaints: (1) that it did not receive formal notice of the proceedings; and (2) that the JAB rejected its position. Smid's own petition belies the first argument. In its petition to vacate the award, Smid admits that pursuant to the CBA the parties submitted the dispute to the JAB. Any argument that it received improper notice of the arbitration could have and should have been brought to an decided by the JAB. Sullivan v. Lemoncello, 36 F.3d 676, 683 (7th Cir. 1994). With respect to Smid's argument that the arbitration panel rejected its position by refusing to hear evidence that most of Smid's 2002 income came from a settlement of a lawsuit, Smid's own affidavits demonstrate that the issue was raised by Smid and rejected by the arbitrators. Thus, even if Smid were correct, this court cannot reverse an arbitration award simply because it might have decided differently. Id.

Smid's argument that the arbitration award is improper because it is characterized as a fine rather than an award is equally without merit. The CBA specifically provides that the JAB has full power to levy appropriate penalties and fines. Id. The same is true for the JAB's ability to award interest and liquidated damages on the fines. Smid's argument that the JAB can award interest and liquidated damages only on unpaid contributions and deductions was rejected in Lemoncello, as was its argument that ERISA does not allow the Funds to collect a fine. Id. at 684.

The undisputed facts demonstrate that the JAB's award "draw[s] [its] essence" from the CBA. Id. There can be no doubt that the "arbitrator's interpretation can in some rational manner be derived from the Collective Bargaining Agreement." Id. Therefore, the award must be upheld. Accordingly, summary judgment is granted in favor of the Funds in case No. 05 C 2253, and Smid's petition to vacate the arbitration award is denied. The Funds are directed to prepare a Final Judgment Order in case No. 04 C 5167 reflecting interest and costs[3] and submit it to the court on April 18, 2006 at 9:00 a.m. Judgment is hereby entered in favor of the Funds (defendants) and against Smid (plaintiff) in case No. 05 C 2253.

---

[3]Any claim for attorneys fees not covered by the arbitration award shall be filed pursuant to LR 54.3.

## CONCLUSION

For the reasons set forth above the court grants the Funds' motions for summary judgment in both case Nos. 04 C 5167 and 05 C 2253. Smid's petition to vacate the arbitration award in 05 C 2253 is denied.

**ENTER:**     **April 10, 2006**

_____
**Robert W. Gettleman
United States District Judge**